IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **BRENDA LEE GREENE,** | : |
| | : |
| Plaintiff, | : |
| | : Civil Action Number: |
| vs. | : |
| | : **Jury Trial Demanded** |
| **RUBY TUESDAY, INC. and KIMBERLY S. MARTIN,** | : |
| | : |
| Defendants. | : |

## COMPLAINT

Plaintiff, Brenda Lee Greene, ("Plaintiff") by and through the undersigned counsel, brings this Complaint against Defendants Ruby Tuesday, Inc. and Kimberly S. Martin and pleads as follows:

### INTRODUCTION

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), herein after "the FLSA to (1) recover the overtime pay that was denied her; (2) an additional amount as liquidated damages; and (3) for her costs of litigation, including her reasonable attorneys' fees.

- 1 -

2.

In addition to her federal causes of action, Plaintiff asserts pendent state law claims which arise out of the same set of operating facts as her federal claims. These are (1) breach of contract, (2) quantum meruit, and (3) promissory estoppel.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C §§ 1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

This Court has supplemental jurisdiction over Plaintiff's state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant Ruby Tuesday, Inc. is located in this judicial district; and all the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

6.

Plaintiff resides within Fulton County, Georgia.

7.

Ruby Tuesday, Inc. ("Ruby Tuesday") and Kimberly S. Martin employed Plaintiff Brenda Lee Greene as a waitress/bartender/hostess at 11473 Tara Boulevard, Hampton, GA 30228 from March 25, 2011 until November 22, 2011.

8.

At all times relevant to this suit, Plaintiff has been an "employee" of Defendant Ruby Tuesday as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

From on or about March 25, 2011 until November 22, 2011, Plaintiff has been "engaged in commerce" as an employee of Defendant Ruby Tuesday as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

10.

Defendant Ruby Tuesday is a corporation organized under the laws of the State of Georgia.

11.

At all times material hereto, Defendant Ruby Tuesday has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

12.

From on or about March 25, 2011 until November 22, 2011, Defendant Ruby Tuesday was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

13.

During 2011, Defendant Ruby Tuesday had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2011, Defendant Ruby Tuesday had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

15.

During 2011, Defendant Ruby Tuesday had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

16.

At all times material hereto, Defendant Ruby Tuesday has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

17.

Defendant Ruby Tuesday is subject to the personal jurisdiction of this Court.

Defendant Ruby Tuesday may be served with process through its registered agent CT Corporation, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

18.

Defendant Kimberly S. Martin (hereafter "Defendant Martin") resides within Spalding County, Georgia.

19.

At all times material hereto, Defendant Martin exercised operational control over the work activities of Plaintiff.

20.

At all times material hereto, Defendant Martin was involved in the day to day operation of the Ruby Tuesday restaurant in which Plaintiff worked.

21.

At all times material hereto, Defendant Ruby Tuesday vested Defendant Martin with supervisory authority over Plaintiff.

22.

At all times material hereto, Defendant Martin exercised supervisory authority over Plaintiff.

23.

At all times material hereto, Defendant Martin scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

24.

At all times material hereto, Defendant Martin exercised authority and supervision over Plaintiff's compensation.

25.

At all times material hereto, Defendant Martin was an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

26.

Defendant Martin is subject to the personal jurisdiction of this Court.

27.

During her employment with Defendants, Plaintiff worked as a bartender.

28.

Beginning in May 2011, Defendants engaged in a scheme to avoid paying Plaintiff overtime compensation as required by the FLSA.

29.

This scheme involved the alteration of Plaintiff's time records by Defendant Martin in order to delete some or all of Plaintiff's overtime hours.

30.

Ms. Martin promised Plaintiff that she would return those hours to her pay in weeks in which the Plaintiff worked less than forty hours.

31.

Defendants did not compensate Plaintiff for all the hours removed from her pay pursuant to this scheme.

32.

At all times relevant to this suit, Plaintiff was not exempt from the payment of an overtime premium pursuant to 29 USC § 213.

## COUNT I — FAILURE TO PAY OVERTME

33.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

34.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

35.

During her employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours each week.

36.

Defendants failed to pay Plaintiff at one and one half times her regular rate for work in excess of forty (40) hours in any week from March 25, 2011 through November 22, 2011.

37.

Defendants willfully failed to pay Plaintiff at one and one half times her regular rate for work in excess of forth (40) hours in any week from March 25, 2011 through November 22, 2011.

38.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

39.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

40.

As a result of the underpayment of overtime compensation as alleged above, Defendants are liable to Plaintiff for her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II – BREACH OF CONTRACT
## AS TO DEFENDANT RUBY TUESDAY

41.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

42.

Plaintiff and Defendant Ruby Tuesday were parties to a contract of employment (hereafter "the Contract") from on or about May 1, 2011 through November 22, 2011.

43.

The Contract provided that Defendant would pay Plaintiff for work that was performed by Plaintiff on behalf of and for the benefit of Defendant.

44.

Defendant failed to pay Plaintiff for all work performed on its behalf.

45.

Defendant's failure to pay Plaintiff for work performed from on or about May 1, 2011 through November 22, 2011 constitutes a material breach of the Contract.

46.

As the direct and foreseeable result of this breach, Plaintiff has sustained and continues to sustain damages in an amount to be proved at trial.

## COUNT III – QUANTUM MERUIT
## AS TO DEFENDANT RUBY TUESDAY

47.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

48.

From on or about May 1, 2011 through November 22, 2011, Plaintiff served as a bartender for Defendant.

49.

Plaintiff's service as a bartender for Defendant as described above was valuable to Defendant.

50.

Defendant requested Plaintiff's service as a bartender.

51.

Defendant knowingly accepted Plaintiff's service as a bartender.

52.

The receipt of Plaintiff's services as a bartender for Defendant without compensation would be unjust.

53.

Plaintiff expected to be compensated at the time she provided her services as a bartender.

54.

Plaintiff is entitled to a recover from Defendant the reasonable value of the services she provided as a bartender for Defendant, in an amount to be determined at trial.

## COUNT IV - PROMISSORY ESTOPPEL
## AS TO DEFENDANT RUBY TUESDAY

55.

The allegations contained in the paragraphs above are incorporated by reference as if fully set out in this Paragraph.

56.

On May 1, 2011, Defendant promised to pay Plaintiff in return for Plaintiff's service as a bartender for them.

57.

Defendant should have reasonably expected that Plaintiff would induce action in reliance of said promise, i.e., serve as a bartender for Defendant.

58.

Defendant's promise induced Plaintiff to act in reliance thereof, i.e., to serve as a bartender for Defendant, to her detriment.

59.

Plaintiff's service as a bartender for Defendant conferred a benefit on Defendant

60.

Defendant failed to pay Plaintiff in accordance with their promise.

61.

Plaintiff relied on Defendant's promise.

62.

Plaintiff's reliance on Defendant's promise was reasonable.

63.

Injustice can only be avoided by enforcement of Defendant's promise.

64.

Plaintiff is entitled to a recover from Defendant the reasonable value of the services she provided as a bartender for Defendant, in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. As to Count I, that Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. As to Counts II, III, IV that Plaintiff be awarded an amount to compensate her for breach of contract, promissory estoppel and quantum meruit;

4. That Plaintiff be awarded costs of litigation, including her reasonable attorneys' fees from Defendants; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

|  |  |
|---|---|
|  | *DELONG CALDWELL BRIDGERS* |
| 3100 CENTENNIAL TOWER | *& FITZPATRICK, LLC* |
| 101 MARIETTA STREET |  |
| ATLANTA, GEORGIA 30303 | */S/CHARLES R. BRIDGERS* |
| (404) 979-3171 | CHARLES R. BRIDGERS |
| (404) 979-3170 (f) | GA. BAR NO. 080791 |
| kevin.fitzpatrick@dcbflegal.com | */S/ KEVIN D. FITZPATRICK, JR.* |
| charlesbridgers@dcbflegal.com | KEVIN D. FITZPATRICK, JR. |
|  | GA. BAR NO. 262375 |
|  | COUNSEL FOR PLAINTIFF |