## SETTLEMENT AGREEMENT AND
## FULL AND FINAL RELEASE OF ALL CLAIMS

BRENDA LEE GREENE (hereinafter referred to as "Greene") and RUBY TUESDAY, INC. (hereinafter referred to as "Ruby Tuesday"), and KIMBERLY S. MARTIN (hereinafter referred to as "Martin") hereby enter into this Agreement to resolve all claims and potential claims by Greene against Ruby Tuesday and Martin.

The terms of this Agreement are as follows:

1. In consideration for the releases and dismissal set forth in this Agreement, Ruby Tuesday agrees to pay Greene the amount of Two Thousand Five Hundred Dollars and 00/100 ($2,500.00) ("Settlement Sum"), the receipt and sufficiency of which Greene hereby acknowledges, to be paid as follows: (1) One Thousand Two Hundred and Fifty Dollars ($1,250.00) payable to Greene to be designated as wages with all appropriate federal and state deductions which shall represent the portion of the Settlement Amount attributable to Plaintiff's alleged claims for lost wages and (2) One Thousand Two Hundred and Fifty Dollars ($1,250.00) payable to Greene to be designated as a 1099 check which shall represent the portion of the Settlement Amount attributable to Plaintiff's non-wage claims.

2. Ruby Tuesday agrees to pay attorney's fees and costs in the amount of Six Thousand Five Hundred Ninety-Five Dollars ($6,595.00), payable to Kevin D. Fitzpatrick, Jr. ("Attorney's Fees"). Collectively, the Settlement Sum and the Attorney's Fees shall be referred to as the "Settlement Amount."

3. In consideration of the payment of the Settlement Amount, Greene, on her behalf, and on behalf of her heirs, executors, administrators, legal representative and assigns, hereby releases Ruby Tuesday and its franchises and/or franchisees, successors, assigns, officers, directors, employees, owners, agents, lessees, managers, shareholders, underwriters and insurers, and Martin ("Releasees"), who might be or might hereafter become liable, from any and all

1

charges, claims, demands, suits, liens, debts, damages, and causes of action of whatever nature in law or in equity whether growing out of tort, contract, quasi-contract, discrimination or otherwise, including all claims under the laws of the United States and/or the State of Georgia and any other regulations and ordinances or laws which may have afforded Greene a cause of action for wages, salary, bonus, vacation pay, compensatory damages, punitive damages, liquidated damages, attorney's fees, penalties, interest, costs and any other legally recoverable category of damages or relief which Greene has ever had or now has as of the date of this Agreement growing out of or in any way either directly or indirectly connected with the employment of Greene by Ruby Tuesday. In addition, Greene agrees to dismiss with prejudice the lawsuit filed on January 10, 2012, in the United States District Court, Northern District of Georgia, Atlanta Division styled, *Brenda Lee Greene v. Ruby Tuesday, Inc. and Kimberly S. Martin*, Case No. 1:12-CV-00097-SCJ (the "Lawsuit").

4. Greene represents and warrants that she has received all wages and benefits to which she was entitled during her employment as of the date of this Agreement, including those wages and benefits governed by the Fair Labor Standards Act and the Family and Medical Leave Act.

5. Within ten (10) business days of the parties executing this Agreement, Plaintiff's counsel, with the agreement of Defendants' counsel, shall file a joint stipulation with the court where the Lawsuit is pending (the "Court") seeking approval of this Agreement and the dismissal of the Action and all claim(s) against Ruby Tuesday and Martin with prejudice, upon payment of the Settlement Amount. In the event the Court fails to approve this Agreement, this Agreement shall become void and of no further effect.

6. Within ten (10) business days of the Court's approval of this settlement agreement, Ruby Tuesday will tender the Settlement Amount to Plaintiff's counsel.

7. Greene agrees that she will not seek or accept employment or reemployment with Ruby Tuesday or any of its subsidiaries, divisions or franchises and that her failure to comply with this provision of this Agreement may be grounds for withdrawal of any offer of employment or immediate termination of employment without further explanation.

8. Greene releases all claims against Releasees willingly, freely, and without duress and acknowledges that she was represented by competent counsel during negotiation of this Agreement.

9. Greene agrees that she will not disparage Ruby Tuesday or Martin or communicate any false or misleading information about Ruby Tuesday or Martin, the terms of the Agreement, and/or any matter relating to Greene's employment with Ruby Tuesday. Ruby Tuesday agrees that, if requested by any third party, Ruby Tuesday will provide a neutral job reference for Greene, which is limited to a confirmation of her previous employment with Ruby Tuesday, the beginning and ending dates of such employment and the position(s) held by Greene during such employment. Such neutral job reference shall contain no negative references and shall not comment on Greene's eligibility for reemployment.

10. It is recognized and agreed that neither party admits liability to the other or to any other person whatsoever.

11. Greene acknowledges that the funds paid herein by Ruby Tuesday include a settlement of all of Greene's claims against Ruby Tuesday and Martin, including claims for compensatory and liquidated damages and attorney's fees and costs. As such, no deductions have been made by Ruby Tuesday for Social Security or income taxes from the non-wage portion of the Settlement Amount or from the Attorney's Fees. At the appropriate time, Ruby Tuesday shall issue a W-2 and an IRS Form 1099 to Greene and will issue an IRS Form 1099 to tKevin D. Fitzpatrick, Jr. Greene agrees to indemnify and hold Ruby Tuesday harmless from any and all liability which may be asserted against it by the United States of America or the State

of Georgia or any state or local municipalities for Social Security, income tax or any other tax claimed to be owed by Greene in connection with such payment, together with any interest and penalties thereon. Ruby Tuesday shall have no obligation to make the payments referenced in this Agreement unless and until the Court approves this settlement.

12.  This Agreement constitutes the entire agreement of the parties, and all prior negotiations or representations are merged herein or replaced hereby. This Agreement may only be amended by a written amendment identified as such and signed by all parties to this Agreement.

13.  If, for any reason whatsoever, any one or more of the provisions of this Agreement shall be held or deemed to be inoperative, unenforceable, or invalid by a court of competent jurisdiction, such circumstances shall not have the effect of rendering such provision invalid in any other case or rendering any other provisions of this Agreement inoperative, unenforceable, or invalid. This Agreement shall be interpreted in accordance with the laws of the State of Georgia.

SIGNED this 26th day of March 2012.

PLAINTIFF:

_____
BRENDA LEE GREENE


DEFENDANTS:
On Behalf of Ruby Tuesday, Inc.:

_____


_____
KIMBERLY S. MARTIN

4

of Georgia or any state or local municipalities for Social Security, income tax or any other tax claimed to be owed by Greene in connection with such payment, together with any interest and penalties thereon. Ruby Tuesday shall have no obligation to make the payments referenced in this Agreement unless and until the Court approves this settlement.

12. This Agreement constitutes the entire agreement of the parties, and all prior negotiations or representations are merged herein or replaced hereby. This Agreement may only be amended by a written amendment identified as such and signed by all parties to this Agreement.

13. If, for any reason whatsoever, any one or more of the provisions of this Agreement shall be held or deemed to be inoperative, unenforceable, or invalid by a court of competent jurisdiction, such circumstances shall not have the effect of rendering such provision invalid in any other case or rendering any other provisions of this Agreement inoperative, unenforceable, or invalid. This Agreement shall be interpreted in accordance with the laws of the State of Georgia.

SIGNED this 26th day of March, 2012.

PLAINTIFF:

_____
BRENDA LEE GREENE


DEFENDANTS:
On Behalf of Ruby Tuesday, Inc.:


_____
KIMBERLY S. MARTIN

4